THOMAS D'ANGELO et al., Doing Business as TRIPLE CITIES CONSTRUCTION COMPANY, et al., Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 31803.)

Third Department, November 18, 1954.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley and Wendell P. Brown* of counsel), for appellant.

*Israel Margolis* for respondents.

BERGAN, J. Claimants have proceeded in the Court of Claims asserting rights under a contract which in form appears to have been made by the State of New York; and the question raised is the jurisdiction of the court to hear the claim. The Court of Claims has ruled in favor of its own jurisdiction.

The contract with the State related to the construction of approaches and reconstruction of an interstate bridge over the Delaware River between Cochecton and Damascus, the respective approaches of which are in Sullivan County, New York and Wayne County, Pennsylvania.

A New York statute authorizes and regulates the participation by this State in the construction and maintenance of interstate bridges over the Delaware. (Public Works Law, art. 2-B.) The article was added by chapter 597 of the Laws of 1952 after the execution of the contract here in issue (August 2, 1950), but it continued unchanged prior statutory provisions and the present statute will be referred to as a matter of convenience.

The statute, first of all, establishes an '' interstate bridge commission ''. This is not a joint commission of the two States

but it is created specifically as an agency of the State of New York. The Superintendent of Public Works or his appointee constitutes the New York commission (§ 35). This New York commission, together with a similar commission of Pennsylvania is authorized to act as a " joint commission " by the New York statute.

The New York State commission, i.e., the State's " Interstate Bridge Commission " has power from the New York Legislature, among other things, to enter into agreements with Pennsylvania for the reconstruction of existing bridges over the Delaware River (§ 36) and it is authorized to agree with Pennsylvania on surveys and plans and to agree that the " letting of the contract " be made by either State or jointly. The agreements between the States must, however, " make an equal division of the expense involved ". (§ 36.)

On June 5, 1950, the two States entered into a written agreement, made for New York by the Interstate Bridge Commission, covering the construction of the Cochecton—Damascus bridge. The instrument recited the making of an earlier agreement between the States (December 11, 1936) relating to the construction and maintenance of ten bridges over the Delaware River and providing for maintenance and operation by the joint commission.

The 1950 agreement provided that the Interstate Bridge Commission of the State of New York " shall advertise for bids, award contract or contracts and supervise the construction of the new bridge and approaches thereto."

This seems to us to be a literal compliance with a statute which authorizes the New York commission to agree with Pennsylvania that the reconstruction contract might be let by either State (§ 36). The further requirement of our statute (§ 36) for an equal division of the cost of the bridge structure between the States is met by the contract provision that such cost and the cost of the removal of the old bridge " will be paid for fifty (50) per centum by each state."

It is perfectly clear from the context that the expenditures were agreed to be made by New York in the first instance since all " expenditures made or costs incurred " by the New York commission shall be audited by the interstate agency which then certifies the allotted amount due from each State.

This clearly means a credit to New York for its expenditures and an obligation from Pennsylvania to New York. It is thus seen from this portion of the contract as well as from the earlier provision that New York would " award " the contract and that

New York agreed to become liable in the first instance for the work.

The financial arrangements between the States passing through the Joint Interstate Bridge Commission do not adversely affect the rights of a contractor for the work done in pursuance of a valid agreement with New York. The secondary obligation of one public authority to reimburse another has been held not to defeat a valid contractual obligation of the latter to a third party. (*Johnson* v. *State of New York,* 172 Misc. 776.)

The contract upon which this claim arises is a New York State obligation made in pursuance of a New York statute. It literally binds the People of the State of New York. The Port of New York cases of which *Marmor* v. *Port of N. Y. Auth.* (203 Misc. 568) and *Hergott* v. *Port of N. Y. Auth.* (269 App. Div. 770) are examples are not applicable; the contract here was made by the State itself and not by a separate interstate entity. The underlying agreement by which the State became authorized in pursuance of Public Works Law (§ 36) to covenant for the " letting of the contract " is in the record; and on its face the underlying agreement is in conformity with the statute. The power of the New York Interstate Bridge Commission to execute such a construction contract in pursuance of agreement is quite explicit in the statute.

The construction contract was also signed by the Commonwealth of Pennsylvania below the signatures of the parties bound by its terms; and from this appellant argues that the contract is not an obligation for which New York is liable. When all the documents are read together, including the agreement between the States that Pennsylvania will reimburse New York for Pennsylvania's share, the signature of Pennsylvania on an agreement to which it is not a party and by which it undertakes to do nothing must be deemed merely an approval of an arrangement under which it has incurred a secondary obligation to one of the parties pursuant to another contract.

Pennsylvania will become responsible to New York for some of the moneys New York will lay out under the contract; but it has assumed no direct responsibility to the New York contractor. That is a New York obligation incurred under a statute the prerequisite conditions of which have been met; and accordingly the Court of Claims has jurisdiction.

The order should be affirmed, with $10 costs.

Foster, P. J., Coon, Halpern and Imrie, JJ., concur.

Order affirmed, with $10 costs.