Channapragada S. RAO, also known as Rao S. Channapragada, Plaintiff-Appellant,

v.

The PORT OF NEW YORK AUTHORITY, Defendant-Appellee,

and

Parking Lot Associates Corporation, a California corporation, Defendant.

No. 110, Docket 23229.

United States Court of Appeals
Second Circuit.

Argued March 7, 1955.

Decided May 2, 1955.

Leon Weinstock, New York City (Julian Buchbinder, New York City, of counsel), for appellant.

Sidney Goldstein, New York City (Daniel B. Goldberg, New York City, of counsel, Ralph W. Felsten and Howard Stamer, New York City, on the brief), for appellee.

Before MEDINA and HINCKS, Circuit Judges, and BURKE, District Judge.

PER CURIAM.

The case is properly before us, by reason of the new notice of appeal filed after the district judge had issued the certificate under Rule 54(b), Fed. Rules Civ.Proc. 28 U.S.C.A., which is necessary to give us jurisdiction.

This brings us to the question whether the subject-matter of the order was within Rule 54(b), or whether, as the appellee contends, the order below, dismissing the complaint against the Port Authority, disposed only of part of a single claim. As we read the complaint, the action was one in which the plaintiff sought to hold the Port Authority and its co-defendant jointly and severally as tort-feasors. Accordingly, we think the case is one involving multiple claims within the meaning of Rule 54(b), of which the claim against the Port Authority is one. We therefore hold that we have appellate jurisdiction. See Lopinsky v. Hertz Drive-Ur-Self

Systems, 2 Cir., 1951, 194 F.2d 422 and United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 221 F.2d 213, and cases cited therein.

On the merits, appellant contends that the judge below erred in holding that the appellant's claim against the Port Authority was barred under the limitation contained in the bi-State Statutes of New York and New Jersey relating to The Port of New York Authority. As to this, we think the appellant's ingenious but labored argument fails to impair the sound and clear reasoning of Judge Rayfiel's opinion below.

Affirmed.