The DELAWARE RIVER AND BAY AUTHORITY, Plaintiff,

v.

Frank J. CARELLO, Jr., Tilghman S. Johnson, Wilbert Rawley, Carl J. Scott, and Joseph A. Bradshaw, constituting the Department of Labor and Industrial Relations, and Local Union 313, International Brotherhood of Electrical Workers A.F.L.–C.I.O., an unincorporated association of persons transacting business in Delaware, using a common name and not being an ordinary partnership, Defendants.

Court of Chancery of Delaware, New Castle.

Sept. 13, 1966.

---

**5.** See 210 A.2d 189–190.

James L. Latchum, of Berl, Potter & Anderson, Wilmington, for plaintiff.

Jacob Kreshtool, Wilmington, for individual defendants.

J. J. Horgan and Harvey B. Rubenstein, Wilmington, for defendant Local Union 313, International Brotherhood of Electrical Workers—A.F.L.–C.I.O.

MARVEL, Vice Chancellor:

Plaintiff is a body politic being a bi-state agency which came into being on October 2, 1962 as the result of a compact entered into between the State of Delaware and the State of New Jersey, the required consent and approval of Congress having been given thereto pursuant to the terms of Article I, Section 10, Clause 3 of the Constitution of the United States.

The individual defendants are the duly appointed and acting members of the Department of Labor and Industrial Relations of Delaware, and the defendant Local Union 313 International Brotherhood of Electrical Workers—A.F.L.-C.I.O. is an unincorporated association of persons engaged in transacting business in Delaware.

One of the essential governmental functions carried on by plaintiff is the maintenance and operation of the present Delaware Memorial Bridge, a number of whose non-supervisory employees have indicated their desire to have the terms and conditions of their employment secured by collective bargaining carried on through the offices of a labor union, namely, defendant Local 313. Consequently, on September 21, 1965, the business manager of Local 313, purporting to represent a majority of toll collectors and maintenance workers at the bridge, asked that the Authority recognize it " * * * as the exclusive collective bargaining representative for these employees in all matters relating to their employment * * *".

Such action by the union was apparently taken in reliance on certain legislation, which, on June 15, 1965, had been approved by the Governor of Delaware, said statute being entitled "An Act Recognizing the Right of Public Employees to Organize" (Title 19 Del.C. § 1301 et seq.). Thereafter, on the basis of the rights therein granted to public employees to organize and designate representatives for collective bargaining, Local 313 petitioned the Department of Labor and Industrial Relations of

Delaware for certification of Local 313 as the exclusive bargaining agent for all non-supervisory toll collectors and maintenance employees employed by plaintiff at the Delaware Memorial Bridge. Such petition was resisted by the Authority by motions to dismiss. On March 6, 1966, plaintiff received an order from the Department dated February 15, 1966, which denied plaintiff's motions to dismiss Local 313's petition and directed that a hearing be fixed pursuant to the provisions of Title 19 Del.C. § 1304 which purportedly authorized the Department to determine after hearing " * * * the unit appropriate for the purpose of collective bargaining * * *" to bargain on behalf of all toll collectors and maintenance employees below the grade of supervisor on duty at the Delaware Memorial Bridge.

Plaintiff thereupon filed this action to enjoin the members of the Department of Labor and Industrial Relations of Delaware from proceeding with such a hearing. Various grounds are relied on by plaintiff in support of such relief, including alleged lack of jurisdiction on the part of the Department to exercise authority over the affairs of plaintiff, which is, as noted above, an agency not only of Delaware but of New Jersey, as well as the contention that the 19 Del.C. § 1301 et seq. cannot apply to a bi-state agency. Other grounds on which plaintiff's application for injunctive relief is based rest on principles of constitutional law, including alleged impairment of contractual undertakings of plaintiff vis à vis its employees and bondholders. Plaintiff also contends that if Local 313 is permitted to take part in the fixing of terms and conditions of employment for plaintiff's employees, an unconstitutional delegation of governmental powers to a private agency would thereby be effected. However, the basic contention made by plaintiff would appear to be that the provisions of Title 19 Del.C. § 1301 et seq. are not binding on plaintiff in the absence of concurrent New Jersey legislation of

a similar nature inasmuch as the compact here in issue (17 Del.C. § 1701 et seq.), as in the case of all inter-state compacts, provides in its Article VIII that while " * * * additional powers may be granted to the Authority by legislation of either State without the concurrence of the other, and may be exercised within such State, or may be granted to the Authority by Congress and exercised by it; but no additional duties or obligations shall be undertaken by the Authority under the law of either State or of Congress without authorization by the law of both States." Finally, plaintiff contended both in its complaint and in a contemporaneously filed motion for a preliminary injunction that it was entitled to temporary injunctive relief inasmuch as the act which granted the Department of Labor and Industrial Relations of Delaware authority to decide on matters of collective bargaining on the part of its public employees provided no right of appeal. Accordingly, it was argued that inasmuch as no adequate remedy at law to correct the Department's ruling existed for plaintiff, it was entitled to a preliminary injunction against the holding of a hearing to select an appropriate bargaining unit for Local 313 in order to prevent irreparable harm and injury. However, upon the filing of this action, which was closely followed by notice of plaintiff's application for injunctive relief, the Department voluntarily postponed the hearing sought by Local 313, and on April 22 the latter filed its answer asking that the complaint be dismissed. The relief now sought by plaintiff is a permanent injunction against the departmental hearing sought by defendants.

While plaintiff has not sought a declaratory judgment, there is no doubt but that a court of equity may restrain a public board from taking action in a field in which it has no powers, where the party seeking injunctive relief can demonstrate that such official action, if improperly carried out, will cause irreparable injury which cannot be adequately redressed at law, 28

American Jurisprudence, Injunctions § 177. See also Morris v. Board of Pilot Commissioners, 7 Del.Ch. 136, 30 A. 667, and Light & Power Construction Co. v. McConnell, 40 Del.Ch. 281, 181 A.2d 86. In the case at bar, the statute upon which the Department of Labor and Industrial Relations of Delaware and Local 313 rely is claimed by plaintiff to be either inapplicable to plaintiff's bridge operations, including, of course, its employment practices there carried on, or, if applicable, that such statute is unconstitutional. In view of the posture of proceedings before the Delaware Department of Labor and Industrial Relations initiated by Local 313 involving the claimed rights of plaintiff's employees at the Delaware Memorial Bridge and the consequences which might flow from the hearing contemplated, I am satisfied that this Court has jurisdiction of plaintiff's application for injunctive relief against defendants' reliance on a statute which may not be applicable to plaintiff's bridge operation.

Affidavits and briefs having been filed in support of and against plaintiff's application for permanent injunctive relief, this is the opinion of the Court on defendants' motion for summary judgment of dismissal of the complaint as well as plaintiff's similar motion for a permanent injunction against any action on the part of defendants designed to bring about the selection of an exclusive bargaining unit for the purpose of reaching an agreement with plaintiff as to terms and conditions of employment for non-supervisory personnel employed at the Delaware Memorial Bridge.

█ Plaintiff, as noted above, is the creature of an interstate compact entered into between the State of Delaware and the State of New Jersey by and with the consent of Congress as required by the provisions of Article I, Section 10, Clause 3 of the Constitution of the United States. See Delaware-New Jersey Compact, 17 Del.C. § 1701 et seq., New Jersey Public Laws, 1961, Chapter 66, and Public Law

87–678, 76 Stat. 560, approved September 20, 1962. By entering into a compact, such as the one here in issue, a state surrenders pro tanto a portion of its own sovereignty, United States v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137. Thus in Application of Waterfront Commission of New York Harbor, 39 N.J.Super. 33, 120 A.2d 504, the power of such bi-state agency to issue subpoenas within geographical boundaries of the states bound by a compact was upheld, and persons served in New Jersey were required to attend a hearing in New York.

Turning to the provisions of the compact here in issue, it appears, first of all, that Article VII paragraph (3) of the Delaware-New Jersey Compact grants the Authority power to fix and determine the qualifications, duties, compensation, terms of office, pensions, and all other conditions and terms of employment of its employees. Furthermore, upon becoming an employee of the Authority, each person entering such public employment is given a personnel manual, approved by the Authority on January 26, 1965, which, in a section entitled "Employee Obligations and Rights", informs each employee that in accepting a temporary or permanent position with the Authority he is assuming certain obligations, including that of supporting the constitutions of Delaware and of New Jersey. Employees are also informed in such manual that while their right to join " * * * a labor union of their own choosing and to organize, present and make known to the Authority any complaint or grievance which an employee might have in connection with his employment * * *" is recognized, employees are to understand that the Authority does not have the right to engage in collective bargaining and that its employees " * * * have no right to incite, organize, conduct or participate in any strike or impediment to work against the Authority * * *". Such manual also states that each employee may, on forms provided by the Authority, " * * * designate himself or another to represent him in pre-

senting and making known his complaint or grievance to the Authority * * *". Finally, a grievance procedure is outlined providing for ultimate mediation of employee grievances by the Director of the Authority.

First of all, it is clear that the Delaware River and Bay Authority is "* * * an agency of government of the State of Delaware and the State of New Jersey * * *" for enumerated general public purposes, Article IV of the Compact, 17 Del.C. § 1701. Plaintiff accordingly argues that the Authority's employees are therefore not public employees of the State of Delaware and that 19 Del.C. § 1301 et seq. therefore does not apply. In answer to such contention, counsel for Local 313 cites the case of The Delaware River and Bay Authority v. International Organization of Masters, Mates, and Pilots, 45 N.J. 138, 211 A.2d 789, in which the Supreme Court of New Jersey held that employees of the Authority were public employees whose union activities are controlled by the terms of Article 1, § 19 of the New Jersey Constitution, which, while permitting public employees to join a union, has been interpreted as forbidding them to engage in collective bargaining. According to the cited case, such constitutional provision, which has also been interpreted to bar the use of sanctions by unions of public employees in New Jersey, must be applied by the courts of New Jersey to attempts of employees of the Delaware River and Bay Authority to achieve by the threat of a strike a favorable contract as to terms and conditions of employment at least until the New Jersey legislature clearly grants to such employees full rights to bargain collectively and to strike, citing New Jersey Turnpike Authority v. A.F.L., 83 N.J.Super. 389, 200 A.2d 134.

Local 313 apparently takes the position that if Authority employees are considered public employees of New Jersey in that state, that they are similarly public employees of Delaware and accordingly free to rely on the more liberal provisions of the Delaware law° concerning the rights of public employees.

■ In my opinion, the relevance of the cited New Jersey constitutional provision, the adoption of which antedates the formation of the compact here in issue by some fifteen years, as well as those of the 1965 Delaware law, which purport to permit public employees of Delaware to bargain collectively, to the problem now before the Court is not found in opposing contentions of counsel as to whether or not Authority employees are employees as well of each state but in the principle that where an interstate compact exists, one state to such an arrangement may not unilaterally legislate so as to place burdens on the compact in question.

Thus in the case of Henderson v. Delaware River Joint Toll Bridge Commission, 362 Pa. 475, 66 A.2d 843, the Supreme Court of Pennsylvania upheld the propriety of unilateral legislative action on the part of the Pennsylvania General Assembly eliminating the need for the defendant Commission to obtain leave of the City of Easton for the occupation and overpassing of streets in that city in connection with a Commission construction project. The Court stated:

"Of necessity, Pennsylvania acted unilaterally in the matter, but she was, nonetheless, well within her rights in further empowering the Commission so as to enable it, with respect to matters within this State's jurisdiction, to perform adequately and completely the purposes of the Commission's creation. It is within the competency of a State, which is a party to a compact with another State, to legislate in respect· of matters covered by the compact so long as such legislative action is in approbation and not in reprobation of the compact."

See also Rao v. Port of New York Authority (D.C.E.D.N.Y.) 122 F.Supp. 595, aff'd (C.A.2), 222 F.2d 362, in which it

was held that the State of New York could not unilaterally enlarge the time for suits against the defendant Authority without the consent of New Jersey, a party to the compact in question.

■ The 1965 Delaware act involved in the case at bar purports to establish the right of public employees to organize and bargain collectively through an appropriate unit. It postdates the compact here in issue and is not supported by companion legislation in New Jersey. In other words, Article 1, § 19 of the New Jersey Constitution, adopted in 1947, remains in full force and effect. While the Delaware law denies public employees the right to strike, its terms, if applicable to the Authority, would require the latter to recognize an exclusive bargaining agent; to engage with such agent in collective bargaining, and to enter into agreements following collective bargaining. It also purports to permit either the Authority or the exclusive bargaining agent to submit any matter in dispute to the State Mediation Service. None of these rights is at present recognized in New Jersey. And while Local 313 argues that the type of union activity permitted in 19 Del.C. § 1301 et seq. is to all intents and purposes the same as permitted in the New Jersey Constitution, the fact is that, according to New Jersey judicial interpretation of its constitutional provision, there are incidents to collective bargaining other than the right to strike " * * * not appropriate in the public employment field * * * ", New Jersey Turnpike Authority v. A.F.L., supra, citing opinion of the Attorney General of New Jersey, dated October 20, 1954.

■ As noted earlier, the compact here involved provides in Article VII, paragraph (3) 17 Del.C. § 1701 that the Authority shall have the power:

"e. To appoint, or employ, such other officers, agents, attorneys, engineers and employees as it may require for the performance of its duties and to fix and determine their qualifications, duties, compensation, pensions, terms of office and all other conditions and terms of employment and retention."

Article V of the compact provides for the appointment of ten commissioners, five from each state, who, under the terms of Article VI, " * * * shall have charge of Authority's property and affairs and shall, for the purposes of doing business, constitute a Board * * * ". The power over Authority employees thus placed in the hands of the Commissioners may not be impaired or diluted by the unilateral action of one member to the compact, State ex rel. Dyer v. Sims, 341 U.S. 22, 71 S.Ct. 557, 95 L.Ed. 713, Henderson v. Delaware River Joint Toll Bridge Commission, supra, and 81 C.J.S., States § 10, p. 904. The Delaware statute in issue cannot, in my opinion, be applied to the Authority in view of the New Jersey constitutional provision. If permitted to be applied unilaterally, as urged by the defendants, it would weaken the powers of the Authority in the field of employee relations, including the fixing of terms of employment and the handling of employee grievances. And while joint action by both Delaware and New Jersey designed to advance the rights of bridge employees in the field of collective bargaining may well be needed, the Delaware statute in issue must remain ineffective until concurrent legislative action of a similar nature is taken by the State of New Jersey. Local 313 argues in reply that the State of Delaware has the sovereign right to legislate as to matters within its territorial borders and that the employees here involved work within such geographical limits. This contention, however, overlooks the fact that by entering into the compact here in issue, Delaware as well as New Jersey surrendered a portion of its own sovereignty. "The Compact Clause of the Constitution— A Study in Interstate Adjustments", 34 Yale Law Journal 685. Compare Application of Waterfront Commission of New York Harbor, supra.

Local 313 also takes the position that the Authority's asserted right to fix the terms and conditions of employment for its employees under the terms of the compact would, if carried to its logical conclusion, permit the Authority to pay wages below the minimum permitted by law as well as to violate such laws as those prohibiting child labor. This argument, however, overlooks the fact that many such laws antedate the compact. Also ignored is the wide scope of the established jurisdiction of the federal government. And while later state laws as to wages and the like might well require the concurrent legislative action of both states, the matter for decision is not a hypothetical possibility as to inconsistent legislation but the existence of Article 1, § 19 of the New Jersey constitution and the consequent inapplicability of Title 19 Del.C. § 1301 et seq. to the fixing of the terms and conditions of employment at the Delaware Memorial Bridge.

■ In view of the conclusion here reached as to the inapplicability of Title 19 Del. C. § 1301 et seq. to the operation of the Delaware Memorial Bridge under the terms of 17 Del.C. § 1701 et seq., it would be inappropriate to deal with the litigants' arguments as to whether or not the former statute is constitutional, 11 American Jurisprudence, Constitutional Law § 93. Compare Pusey & Jones Co. v. Love, 6 Penn. 80, 66 A. 1013, 11 L.R.A., N.S., 953. Inasmuch as Title 19 Del.C. § 1301 et seq. does not apply, it is unnecessary to consider plaintiff's other contentions.

On notice, an order granting summary judgment to plaintiff in the form of a permanent injunction against any action by the individual defendants designed to hold a hearing or otherwise to determine a unit appropriate for the purpose of collective bargaining on behalf of toll collectors and maintenance workers below the grade of supervisor at the Delaware Memorial Bridge will be entered.