In the Matter of BRUCE AGESEN et al., Respondents, v. M. P. CATHERWOOD, as Industrial Commissioner of the State of New York, Appellant, and PORT OF NEW YORK AUTHORITY, Intervenor-Appellant. (Proceeding No. 1 and Two Other Titles.)

Second Department, July 25, 1969.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz and Irving L. Rollins* of counsel), for appellant.

*Sidney Goldstein (Joseph Lesser, Isobel E. Muirhead, Arthur P. Berg* and *John J. Graubard* of counsel), for intervenor-appellant.

*Michael A. Buonora* for respondents in Proceeding No. 1.

*Abrashkin & Krieger* for respondents in Proceeding No. 2.

*Harold Stern (W. Bernard Richland* of counsel), for respondents in Proceeding No. 3.

BELDOCK, P. J.   The issue presented on this appeal is whether the Port of New York Authority, the intervenor herein, is required to pay its " direct " employees the prevailing rate of wages pursuant to section 220 of the Labor Law.   The petitioners and approximately 700 other named men similarly situated are laborers, workmen and mechanics who are " direct " employees of the Port Authority (as distinguished from employees of contractors or subcontractors) who are paid either hourly or annual wages.   It is alleged that all these employees are engaged upon public works in behalf of the Authority, solely within the State of New York.

Section 220 of the Labor Law applies to work performed pursuant to contracts " to which the state or a public benefit corporation or a municipal corporation or a commission appointed pursuant to law is a party " (Labor Law, § 220, subd. 2).   The statute provides that upon a complaint by an interested person, the Industrial Commissioner shall cause an investigation to be made to determine what the prevailing rate of wages is in the particular trade or occupation in the applicable locality of the State.   Various complaints were filed with the Commissioner by these employees pursuant to the statute.   All the complaints were consolidated into one proceeding and a hearing was held

for the purpose of determining whether the Commissioner had the power to conduct the investigations demanded. Upon briefs submitted by the parties, the hearing officer decided that section 220 was not applicable to the Authority because concurrent legislation had not been enacted by the State of New Jersey. The Commissioner adopted the recommendations of the hearing officer and dismissed the complaints.

The petitioners instituted this proceeding pursuant to article 78 of the CPLR to annul the Commissioner's determination and to compel her to proceed in conformity with section 220 to determine the prevailing rate of wages; and the Port Authority intervened in the proceeding. By the judgment appealed from, the Special Term granted the petition, annulled the Commissioner's determination and ordered her to determine the prevailing rate of wages.

In our opinion, the petition was improperly granted. The Port Authority was created in 1921 by an interstate compact between New York and New Jersey (L. 1921, ch. 154; N. J. Sess. Laws of 1921, ch. 151). The compact was approved by the Congress of the United States by joint resolution of August 23, 1921 (42 U. S. Stat., ch. 77, p. 174). The very nature of the agreement implies a mutuality of action and a spirit of co-operation between the two States. Any attempt to regulate the Authority by means of legislation unilaterally enacted by one of the States would be repugnant to the spirit of the agreement (see *Port of New York Auth.* v. *Linde Paper Co.,* 205 Misc. 110; *Delaware Riv. & Bay Auth.* v. *Carello,* 222 A. 2d 794 [Del.]). The intent of the two States to render the Authority immune from unilaterally enacted legislation may be found in article VII of the compact which provides: " The port authority shall have such additional powers and duties as may hereafter be delegated to or imposed upon it from time to time by the action of the legislature of either state concurred in by the legislature of the other " (L. 1921, ch. 154, § 1).

The Authority was expressly given the power to appoint employees and fix their salaries under article XIV of the compact which provides: " The port authority shall elect from its number a chairman, vice-chairman, and may appoint such officers and employees as it may require for the performance of its duties, and shall fix and determine their qualifications and duties " (L. 1921, ch. 154, § 1).

It is tacitly conceded that, although New Jersey has a prevailing wage statute, it does not apply to " direct " public employees, such as here involved. The effect of section 220, if held applicable to the Authority, would thus impose a

unilateral regulation by one State upon the power vested in the Authority jointly by two sovereign States to hire employees and fix their compensation. We cannot subscribe to such a conclusion.

This result, in our opinion, is contrary to the intent of the Legislature in the creation of the Authority. We must assume that the Legislature, at that time, was aware of the provisions of section 220, which was originally enacted in 1894 (L. 1894, ch. 622). It is of interest to note that in 1935 an opinion of the then Attorney-General to the New York State Industrial Commissioner, Hon. ELMER F. ANDREWS, stated: "The office having ruled heretofore that § 222 of the Labor Law did not apply to this corporation for the reasons set forth in detail in my opinion of March 10, 1932, to the then Industrial Commissioner, I think that the provisions of § 220 are also inapplicable to the Port Authority" (N. Y. Legis. Doc., 1936, No. 21, pp. 83–84).

Shortly prior to the rendition of this opinion by the Attorney-General, the Legislature amended section 220 of the Labor Law by adding the term "public benefit corporation" (L. 1935, ch. 684, § 1). Significantly, the Legislature did not at any time thereafter act affirmatively to render section 220 applicable to the Authority.

As a practical matter, to impose the provisions of section 220 upon the Authority is to create impractical difficulties on the operation of the Authority. To apply varying wage scales to the employees, depending upon the geographical area in which they are employed, i.e., if within the State of New York the prevailing rates under section 220 of the Labor Law and if within the geographical area of New Jersey different prevailing wages, would create an unworkable and inequitable program of labor-management.

We hold that it was not the intention of the Legislature of the State of New York that section 220 be made applicable without a companion statute to the same effect by the Legislature of the State of New Jersey. To hold otherwise would result in a unilateral modification of the compact between these two States (cf. *Rao* v. *Port of New York Auth.*, 122 F. Supp. 595, affd. 222 F. 2d 362).

Accordingly, the judgment should be reversed insofar as appealed from, on the law, with a single bill of $10 costs and disbursements to appellants jointly, payable jointly by petitioners appearing separately; the determination of the Industrial Commissioner confirmed; and the motions to dismiss the petitions granted. No questions of fact have been considered.

BRENNAN, BENJAMIN, MUNDER and MARTUSCELLO, JJ., concur.

420

Judgment reversed insofar as appealed from, on the law, with a single bill of $10 costs and disbursements to appellants jointly, payable jointly by petitioners appearing separately; determination confirmed; and motions to dismiss the petition granted. No questions of fact have been considered.