C. T. HELLMUTH & ASSOCIATES, INC.

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY.

Civ. A. No. W–74–1222.

United States District Court,
D. Maryland.

May 21, 1976.

Branko Stupar, Potomac, Md., for plaintiff.

Jordan S. Himelfarb, Bethesda, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

WATKINS, District Judge.

After unsuccessfully seeking access to certain records of the Washington Metropolitan Area Transit Authority (hereinafter WMATA), Plaintiff instituted the instant action to compel disclosure. Jurisdiction is predicated upon § 81 of the Washington Metropolitan Area Transit Authority Compact, Public Law 89–774, 80 Stat. 1324, 1350 (1966), Art. 41 § 317–81 Md.Ann.Code (1971 Repl. Vol.), which grants this Court jurisdiction over all actions brought by or against WMATA.[1] The case is presently

---

1. The United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland and Virginia, of all actions brought by or against the Authority and to enforce

before the Court on the parties' cross-motions for summary judgment.

The facts are essentially undisputed. Plaintiff C. T. Hellmuth & Associates, Inc., is a Maryland insurance concern; Defendant WMATA is an interstate agency, the result of an interstate compact between the State of Maryland, the Commonwealth of Virginia and the District of Columbia, entered into with the approval of Congress. The instant controversy apparently arose when WMATA awarded an insurance contract to the Prudential Life Insurance Company of America. Plaintiff, one of the unsuccessful bidders for that contract, seeks by this action to obtain copies of (1) the Prudential proposal, (2) the report prepared by a member of the Metro Insurance Administrators, WMATA's insurance consultant, recommending the Prudential proposal, and (3) any and all opinions, reports, and decisions relating to the selection of the Metro Insurance Administrators.

Plaintiff bases its right of access to these records upon the Maryland Public Information Act, Art. 76A Md.Ann.Code (1975 Repl. Vol.). Section 2(a) of that Act provides that all "public records" shall be available for inspection except as they are exempted from disclosure by the Act or as otherwise protected by law. The Act defines "public records" as including those records made or received by any state agency in connection with the transaction of public business except as they are privileged or confidential by law. Art. 76A § 1(a). Defendant WMATA maintains that by virtue of its status as an interstate agency, it is exempt from the Public Information Act; Plaintiff, on the other hand, contends that WMATA, as an agency of the state,[2] is subject to and must comply with the provisions of Art. 76A. Thus, the only issue raised here, is whether WMATA falls within the purview of the Maryland Act.[3]

■ Upon entering into an interstate compact, a state effectively surrenders a portion of its sovereignty; the compact governs the relations of the parties with respect to the subject matter of the agreement and is superior to both prior and subsequent law. Further, when enacted, a compact constitutes not only law, but a contract which may not be amended, modified, or otherwise altered without the consent of all parties. It, therefore, appears settled that one party may not enact legislation ·which would impose burdens upon the compact absent the concurrence of the other signatories. See *Delaware River & B. Auth. v. New Jersey Pub. E. R. C.,* 112 N.J.Super. 160, 270 A.2d 704 (1970), *aff'd,* 58 N.J. 388, 277 A.2d 880 (1971); *Del River & Bay Authority v. Carrello,* Del.Ch., 222 A.2d 794 (1966); *Rao v. Port of New York Authority,* 122 F.Supp. 595 (S.D.N.Y.1954), *aff'd,* 222 F.2d 362 (2 Cir.1955); *State v. Hoffman,* 9 Md. 28 (1856).

■ While apparently conceding the validity of this principle where one party to a compact attempts to enact legislation which clearly would affect the other parties' interests, Plaintiff, nonetheless, argues that the rule is inapplicable where it is claimed the parties have equivalent legislation. This Court cannot agree. Clearly, the mere fact that Virginia and the District have adopted freedom of information laws can hardly be taken as a tacit agreement on their part that WMATA should be governed by the Maryland law, particularly in view of the fact that Art. 76A was enacted sub-

subpoenas issued under this title. Any such action initiated in a state court shall be removable to the appropriate United States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. § 1446).

**2.** Section 4 of the WMATA compact provides: There is hereby created, as an instrumentality and *agency of each of the signatory parties* hereto, the Washington Metropolitan Area Transit Authority which shall be a body corporate and politic, and which shall have the powers and duties granted herein and such additional powers as may hereafter be conferred upon it pursuant to law. (Emphasis supplied)

**3.** Defendant also contends that the information sought is exempt from disclosure under one or more of the statutory exceptions to the Act. The Court, however, has not been sufficiently apprised as to the nature of the materials to rule on this point.

sequent to the Virginia and District of Columbia laws. Moreover, the Court is not persuaded by the alternative premise implicit in Plaintiff's argument, that the existence of comparable legislation eliminates the possibility that one party may impinge upon the others' interests.[4] Whatever force that contention may have in the situation in which the various laws involved are identical, it is plainly unmeritorious here, where the laws involved differ in not insignificant respects.[5] Presumably these laws reflect considered policy decisions on the part of the respective jurisdictions as to the types of information which should be accessible to the public and the circumstances under which it will be made available. Regardless of how similar the laws may be, plainly Maryland may not impose its preferences in this regard upon Virginia and the District, for such an imposition, however minimal, is nonetheless an intrusion upon their interests and in derogation of the compact. Clearly then, Maryland may not unilaterally subject WMATA to the provisions of Art. 76A, if indeed that is the portent of the Act. Accordingly, for the reasons hereinabove stated, it is this 21st day of May, 1976, ORDERED that

(1) Plaintiff's Motion for Summary Judgment be and the same is hereby DENIED;

(2) Defendant's Motion for Summary Judgment be and the same is hereby GRANTED;

(3) The Clerk of the Court is directed to mail copies of this Memorandum Opinion and Order to Branko Stupar, Esquire and Jordan S. Himelfarb, Esquire.

4. A similar argument was at least implicitly rejected in *Delaware River & B. Authority v. New Jersey Pub. E. R. C., supra,* in which the Court held that the River & Bay Authority, a bi-state agency, was not subject to the New Jersey law permitting public employees to organize, notwithstanding the existence of similar legislation in Delaware.

5. While an extended discussion as to dissimilarities between the various acts would not seem necessary, several of the more apparent differences should be noted. Maryland, for example, unlike the District of Columbia and Virginia, provides a criminal sanction in the form of a fine for willful violations of Art. 76A.

While the District of Columbia law exempts from disclosure commercial or financial information obtained under an agreement of confidentiality, under the Maryland Act an agreement of confidentiality, while a factor to be considered, apparently is not determinative as to the material's availability. *See, Robles v. Environmental Protection Agency,* 484 F.2d 843 (4 Cir.1973). It should also be noted that under Art. 76A, information not otherwise protected may be exempted if nondisclosure is deemed to be in the public interest; neither the District of Columbia nor Virginia has an equivalent public interest exception.