**KANSAS CITY AREA TRANSPORTATION AUTHORITY, Appellant,**

**v.**

**STATE OF MISSOURI, State of Kansas, Ralph Martin, Prosecuting Attorney Jackson County, Missouri, William Brandom, Prosecuting Attorney Clay County, Missouri, Joseph A. Hamilton, Prosecuting Attorney Cass County, Missouri, Kenneth D. Hassler, Prosecuting Attorney Platte County, Missouri, John Ashcroft, Attorney General, State of Missouri and K. C. Bus Advertising Co., Appellees.**

**No. 80–1222.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1980.

Decided Feb. 11, 1981.

James G. Lindquist, Kansas City, Mo., for appellant.

Gerry Delany Dean, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before BRIGHT and STEPHENSON, Circuit Judges, and REGAN,* Senior District Judge.

### STEPHENSON, Circuit Judge.

Kansas City Area Transportation Authority (the Authority) appeals from the district court's[1] order denying its motion for summary judgment and granting summary judgment in favor of appellees. It also appeals from the denial of its motion to set aside the judgment. We affirm.

Appellant is a bi-state agency created pursuant to an interstate compact entered into by the States of Kansas and Missouri, adopted by the legislatures of those states, and approved by Act of Congress. The agency was established to "operate and maintain * * * passenger transportation systems and facilities" in the greater Kansas City area. Mo.Rev.Stat. § 238.010; Kan.Rev.Stat. § 12–2524.

Mo.Rev.Stat. §§ 92.400–.421 provides that Kansas City may adopt an ordinance imposing a one-half of one percent sales tax for the benefit of the Authority. The City of Kansas City has provided for such a sales tax. The funding statute expires by its own terms every two years and the same or a similar statute has been re-enacted each time. In 1979, the Missouri legislature included the following provision:

> Transportation authorities operating a public mass transportation system under sections 92.400 to 92.420 shall provide for

interior and exterior advertising on each vehicle for mass transportation purposes. Mo.Rev.Stat. § 92.418.7.

█ The Authority contends that this requirement is a unilateral act by the State of Missouri in derogation of the interstate compact, and therefore invalid. We disagree.

█ One party to an interstate compact may not enact legislation which would impose burdens upon the compact absent the concurrence of other signatories. *C. T. Hellmuth & Associates, Inc. v. Washington Metropolitan Area Transit Authority*, 414 F.Supp. 408, 409 (D.Md.1976) (citing cases). However, as noted by the district court:

> It is within the competency of a State, which is a party to a compact with another State, to legislate in respect of matters covered by the compact so long as such legislative action is in approbation and not in reprobation of the compact.

*Henderson v. Delaware River Joint Toll Bridge Comm'n*, 362 Pa. 475, 66 A.2d 843, 849 (1949).

We agree with the district court that the Authority has made no showing that the advertising provision imposes any burden on the operation of the compact. The only affidavit accompanying either motion for summary judgment is that of Richard Davis, the general manager of the Authority. The affidavit says only that a study by the staff led him to conclude that the placement of advertising on the interior of buses was undesirable from an economic standpoint.[2]

---

* The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Elmo B. Hunter, Chief Judge, United States District Court for the Western District of Missouri.

2. We also note that Mo.Rev.Stat. § 92.418.7 applies only to transportation authorities operating a public transit system pursuant to sections 92.400–.421. Thus the Authority needs to comply with the section 92.418.7 advertising requirements only if it chooses to utilize the one-half of one percent sales tax subsidy provided by sections 92.400–.421. The compact allows the Authority to receive appropriations from the city but does not require the states to either directly subsidize or provide subsidies from its political subdivisions. For this reason, we agree with the district court that the advertising requirement is a condition to the Authority's receipt of the subsidy, and "that in providing for a sales tax subsidy, albeit with conditions, the State of Missouri has not legislated in derogation of the compact."

Even if advertising were in fact not profitable, it must be considered in conjunction with the accompanying subsidy, and as such is in harmony with the authorizations of the compact, see Article III(4), Mo.Rev.Stat. § 238.010; Kan.Stat. § 12–2524. If the Authority believes the advertising requirement imposes a burden, it can choose not to accept the sales tax subsidy. Article III of the compact authorizes several other means for the Authority to obtain revenues.

The Authority also appeals from the denial of its subsequent motion for rehearing and to set aside the judgment. It argues that the affidavits supporting the motion establish that the advertising burdens the interstate compact. One exhibit was a study concluding that the exterior advertising mounts resulted in a fuel loss of between $66,775 and $131,550 per year. Another exhibit indicated the net advertising revenues in 1976 and 1977 were $3,084 and in 1978 was $5,692.

This motion was properly denied by the district court because the Authority did not demonstrate, as required by Fed.R. Civ.P. 60(b), that this was "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)." Exhibits 1 and 3 contained information which was clearly available to the Authority at the time of its motion for summary judgment. Exhibit 2 was a report which was not issued until January of 1980 (apparently a few days after the district court opinion), but was a study with which the Authority was familiar prior to its filing both the lawsuit and the motion for summary judgment.[3] The district court has not abused its discretion in denying the motion to set aside the judgment. *See Engelhard Industries, Inc. v. Research Instrumental Corp.*, 324 F.2d 347 (9th Cir. 1963).

Affirmed.[4]

3. In any event, Exhibit 2 only indicates that this type of exterior advertising is fuel inefficient, it does not show that all interior and exterior advertising burdens the compact. The Authority also has the options under the compact mentioned in note 2 *supra*.

4. We have been informed by counsel that a bill has been pre-filed with both houses of the Missouri legislature for the 1981 session which would make advertising discretionary. Counsel for the Authority admitted passage of such a bill would moot its appeal in the instant case.