HARRY MARMOR et al., Plaintiffs, *v.* PORT OF NEW YORK AUTHORITY, Defendant.

Supreme Court, Special Term, Kings County, October 2, 1952.

*Sidney Goldstein* and *Albert D. Jordan* for defendant appearing specially.

*William F. Mathias, Jr.,* for plaintiffs.

Moss, J. The Port of New York Authority appearing specially moves for an order dismissing the complaint on the ground that the court has jurisdiction neither of the person of the defendant nor of the subject matter.

Defendant is a joint or common agency of two sovereign States, New Jersey and New York; is performing a governmental function in the construction, maintenance and operation

of bridges and tunnels which project beyond State lines; and is clothed with sovereign immunity. The applicable Port Authority statutes, in effect at the time complained of, did not authorize the suit. The recently enacted law of New York (L. 1950, ch. 301) and the later enactment by the State of New Jersey of legislation having an identical effect (Laws of New Jersey, 1951, ch. 204), authorizing suits against the Authority, did not become effective until June 13, 1951, and expressly excluded suits " accruing before the effective date of this act." (*Hergott* v. *Port of New York Authority,* 269 App. Div. 770; *Roochvarg* v. *Port of New York Authority,* 190 Misc. 406; *Le Beau Piping Corp.* v. *City of New York,* 170 Misc. 644; *Voorhis* v. *Cornell Contr. Corp.,* 170 Misc. 908; *Miller* v. *Port of New York Authority,* 18 N. J. Misc. 601; *Howell* v. *Port of New York Authority,* 34 F. Supp. 797; *Port of New York Authority* v. *Elman,* 196 Misc. 91.)

Plaintiffs contend that defendant is estopped from urging its immunity because it has insured itself against the risk sued upon. The court cannot agree with this contention as the agency has no power to confer a jurisdiction to which the two Legislatures have not consented. This rule was succinctly stated in *Minnesota* v. *Hitchcock* (185 U. S. 373) where the court stated, at page 382: " A preliminary question is one of jurisdiction. It is true counsel for defendants did not raise the question, and evidently both parties desire that the court should ignore it and dispose of the case on the merits. But the silence of counsel does not waive the question, nor would the express consent of the parties give to this court a jurisdiction which was not warranted by the Constitution and laws. It is the duty of every court of its own motion to inquire into the matter irrespective of the wishes of the parties, and be careful that it exercises no powers save those conferred by law."

The same rule was expressed by the Court of Appeals in *Buckles* v. *State of New York* (221 N. Y. 418). In the leading case of *Smith* v. *State of New York* (227 N. Y. 405) the Court of Appeals stated (p. 410): " In the absence of a legislative enactment specifically waiving this immunity, the state cannot be subjected to a liability therefor."

In *Rittmiller* v. *School District No. 84* (104 F. Supp. 187 [1952]) a Federal court held that the carrying of insurance by a school district and the payment of premiums on such policies did not result in a waiver of the school district's immunity from liability for the torts of its agents. The court stated (p. 189):

"In absence of a clear intent on the part of the Legislature to impose liability for tort, a municipality which takes out insurance \* \* \* does not waive its immunity. Legislative permission for tort suits against a School District is not present under the showing herein."

The plaintiffs are not necessarily without remedy. The complaint alleges the negligent maintenance of the escalator. It may well be that the company which constructed the motor stairs may be responsible for its maintenance. If so, a cause of action would lie against the manufacturer maintaining the same notwithstanding that no contractual relationship existed between plaintiffs and the manufacturer.

The motion of defendant, appearing specially, to dismiss the complaint is granted. Settle order.