Joseph A. Sarafite, J.
Tlie defendant, employed by the Port of New York Authority as a Marine Terminals Representative of the Commercial Rental Division, has been indicted for violations of sections 372 and 1826 of the Penal Law. Three counts of this six-count indictment charge the defendant with having asked and received, on three separate occasions, a total of more than $9,000 as bribes upon agreements that his official action would be influenced thereby. The three remaining counts charge taking unlawful fees, and are based on the same facts as the bribery counts. Section 372 of the Penal Law prohibits the asking or acceptance of a bribe by “ a person who executes any of the functions of a public officer * * * or a person employed by or acting for * * * any public officer in the business of the state Section 1826 prohibits the taking of unlawful fees by “ [a] public officer or a deputy, clerk, assistant or other subordinate of a public officer, or any person appointed or employed by or in the office of a public officer ’ ’.
*577 The defendant has demurred to the indictment, principally upon the ground that the Port of New York Authority (hereafter referred to as the “Port Authority ”) is not a public office and that he, as an employee of the Port Authority, is not a public officer or an employee of a public officer within the meaning of those sections.
“ The Port Authority is ‘ a body corporate and politic ’ created by two States [New York and New Jersey] to exercise the powers of both States for a public purpose in which the people of both States are interested.” (Bush Term. Co. v. City of New York, 282 N. Y. 306, 318 [1940].) It is “ the municipal corporate instrumentality of the two states ” (L. 1922, ch. 43, § 8). The history of its creation and development has been recorded in Bush Term. Co. v. City of New York (152 Misc. 144, 147-151 [Supreme Ct., 1934]) and in United States v. Tobin (195 F. Supp. 588, 593-595 [U. S. Dist. Ct., D. C., 1961]). Any further reference thereto would be superfluous.
The issue presented by this demurrer is whether the Port-Authority is a public office and the defendant a public officer or employee of a public officer within the meaning of sections 372 and 1826 of the Penal Law. The Port Authority consists of ‘ ‘ twelve commissioners, six resident voters from the state of New York * * * and six resident voters from the state of New Jersey ” (L. 1921, ch. 154, § 1, as amd. by L. 1930, ch. 419, § 1). The defendant is an employee of the Port Authority and a subordinate of these Commissioners. Consequently, if the Port Authority is a public office, and these Commissioners are public officers within the meaning of sections 372 and 1826 of the Penal Law, the demurrer must be disallowed.
In People ex rel. Corkkill v. McAdoo (98 App. Div. 312, 314 [2d Dept., 1904]) it was stated that “ [t]he essential element in a public office is that the duties to be performed shall involve the exercise of some portion of the sovereign power, whether great or small.” (See, also, People ex rel. Hoefle v. Cahill, 188 N. Y. 489, 494 [1907].) Under this test, the Port Authority is clearly a public office, and the defendant, an employee thereof, is clearly a public officer, for the Port Authority possesses many attributes of sovereignty. It has the power to make rules and regulations the violation of which may he made punishable by law (L. 1921, ch. 154, § 1). Its bonds and other securities are free from taxation by either State (L. 1922, ch. 43, § 8) and the interest thereon is not subject to Federal income taxation (Commissioner of Internal Revenue v. Shamberg’s Estate, 144 F. 2d 998 [C. C. A. 2d, 1944], cert. denied 323 U. S. 792 [1945]). It may conduct investigations, inquiries or hearings and, for such *578 purpose, it has jurisdiction over all persons, associations or corporations within the State (L. 1922, ch. 43, § 11, as added by L. 1924, ch. 623, § 1) and may compel the attendance of witnesses and the production of documents, and may also administer oaths (L. 1922, ch. 43, § 12, as added by L. 1924, ch. 623, § 1). In any investigation, inquiry or hearing, a Commissioner of the Port Authority is a “ competent authority ” by whom immunity from prosecution may be conferred in accordance with section 2447 of the Penal Law (L. 1922, ch. 43, § 13, subd. 2, as amd. by L. 1953, ch. 891, § 37). In some circumstances, a Commissioner or employee of the Port Authority may refuse to testify with regard to information obtained by him ‘ ‘ in the discharge of his official duty” (L. 1922, ch. 43, subd. 3, as amd. by L. 1953, ch. 891, § 37). The Port Authority may exercise the right of eminent domain (L. 1931, ch. 47, § 15; L. 1961, ch. 312, § 14; L. 1947, ch. 802, § 9, subd. [c]; L. 1947, ch. 631, § 5-a, as added by L. 1958, ch. 982, § 1; L. 1946, ch. 443, § 5; L. 1945, eh. 163, § 3). Its duly authorized agents and employees may enter upon any land in the State in order to make whatever maps, surveys and examinations are deemed necessary (L. 1931, ch. 47, § 17; L. 1961, ch. 312, § 16). It was immune from suit, until the enactment of section 1 of chapter 301 of the Laws of 1950 (see Marmor v. Port of N. Y. Auth., 203 Misc. 568 [Supreme Ct., 1952]).
It is true, of course, that the Port Authority is not the State itself (Matter of Plumbing Assn. v. New York State Thruway Auth., 5 N Y 2d 420, 422 [1959]). But in addition to the indicia of sovereignty already mentioned, there are other factors which demonstrate its close relationship with the State. It was created by the States of New York and New Jersey as their joint agent for the development of the port district (L. 1961, ch. 312, § 1, subd. [8]). Each Commissioner of the Port Authority is chosen by his respective State in the manner and for the terms fixed by the Legislature of that State, and may be removed or suspended from office as provided by the law of that State (L. 1921, ch. 154, § 1, art. IV). The Port Authority must make an annual report to the Legislatures of both States (L. 1921, ch. 154, § 1, art. VII). The action of any Commissioner may, under appropriate circumstances, be vetoed by the Governor of his State (L. 1921, ch. 154, § 1, art. XVI; L. 1927, ch. 700, § 1). It is vested by the State with all necessary and appropriate powers to effect its purpose (L. 1922, ch. 43, § 8). Its property and operations appear to be “ of a governmental nature ” (L. 1931. ch. 47, § 21, as amd. by L. 1955, ch. 807, § 1). In many of its activities it is performing an “ essential governmental function ” (e.g., L. 1955, ch. 808, § 11; L. 1961, ch. 312, § 10). For *579 all these reasons, it is clear that the Port Authority would normally be considered a public office and its Commissioners and employees public officers or employees of public officers.
The defendant argues that the origin, history and express terms of sections 372 and 1826 of the Penal Law show that they apply only to officers and employees of agencies or departments of State and local government, and that to extend the scope of those sections to include officers and employees of public authorities such as the Port Authority would violate the rule requiring strict construction of penal statutes. The Court of Appeals, however, has stated that: “ The rule that a penal statute is to be strictly construed does not apply to our Penal Law, but all its provisions must be construed according to their fair import, to promote justice and effect the objects of the law. (Penal Law, section 21.) When section 1826 is so construed, it includes all public functionaries from the most exalted officer of the State to the humblest messenger in a municipal bureau ” (People v. Clougher, 246 N. Y. 106, 112 [1927]). To hold that that “ humblest messenger ” is a public officer, but that the Commissioner or employee of the Port Authority, which has jurisdiction over a district in which there live more than 10 million people, is not, would do violence to those sections of the Penal Law being construed. Moreover, the precise scope of those sections is clarified by section 2 of article XIII of the Constitution of the State of New York which penalizes the acceptance of a bribe by “ [a]ny person holding office under the laws of this state ”. Such persons clearly include the Commissioners of the Port Authority, and their subordinates.
The defendant also argues that the Court of Appeals, by its decisions in Matter of Plumbing Assn. v. New York State Thruway Auth. (supra) and Matter of New York Post Corp. v. Moses (10 N Y 2d 199 [1961]), has already decided that a public authority, such as the Port Authority, is not a public office. To a limited extent, the defendant is correct. But the meaning of the term public office is ‘£ determined from the particular facts, including a consideration of the intention and subject matter of the enactment of the statute” under consideration. (State ex rel. McKittrick v. Bode, 342 Mo. 162, 165.) The test in every case involves a consideration of the purpose for which the public authority was created and the purpose behind the legal provision sought to be applied to it. Consequently, a public authority may be a public office under the terms of one provision, but not under the terms of another. In the Plumbing Assn. and New York Post Corp. cases (supra) it was held merely that public authorities were not public offices within the meaning of *580 section 135 of the State Finance Law and section 66 of the Public Officers Law, respectively. Those cases dealt with the relationship between the public authorities and the public at large; the application of the sections in question to the public authorities would have seriously hampered and impaired the freedom and flexibility with which those public authorities were designed to function. Here, we are dealing with the relationship between a public authority and the State itself; a failure to apply sections 372 and 1826 of the Penal Law to public authorities would hamper and impair that freedom and flexibility just as seriously, for it would leave without sufficient penal sanction the most serious betrayals of a public trust on the part of persons to whom this State has given an impressive amount of sovereign power. Nothing in the cases cited by defendant requires such a result.
The defendant also argues that the indictment is duplicitous, in that it charges him under both sections 372 and 1826 of the Penal Law for the 1 ‘ same offense. ’ ’ His argument must fail. ‘ ‘ An indictment may state in different counts the accomplishment of the crime charged in various ways as long as the facts relate to the same deed or transaction ” (People ex rel. Prince v. Brophy, 273 N. Y. 90, 98 [1937]).
The demurrer is disallowed.