112 N.J. Super. 160 (1970)
270 A.2d 704
THE DELAWARE RIVER & BAY AUTHORITY, PLAINTIFF-APPELLANT,
v.
NEW JERSEY PUBLIC EMPLOYMENT RELATIONS COMMISSION, AND GENERAL TEAMSTERS LOCAL UNION 326, AFFILIATED WITH INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, DISTRICT NO. 1-P.C.D., MARINE ENGINEERS BENEFICIAL ASSOCIATION, AFL-CIO AND LOCAL 333, UNITED MARINE DIVISION, NATIONAL MARITIME UNION, AFL-CIO, BEING UNINCORPORATED ASSOCIATIONS OF PERSONS TRANSACTING BUSINESS IN NEW JERSEY, USING A COMMON NAME AND NOT BEING AN ORDINARY PARTNERSHIP, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1970.
Decided November 9, 1970.
*161 Before Judges KILKENNY, HALPERN and LANE.
Mr. Vincent J. Pancari argued the cause for appellant (Messrs. Halpin, Bailey & Pancari, attorneys); Mr. Bruce M. Stargatt, of Wilmington, Delaware, also argued the cause *162 for appellant, with the court's permission (Messrs. Young, Conaway, Stargatt & Taylor, attorneys).
Mr. William Rossmoore argued the cause for respondent Marine Engineers Beneficial Association (Messrs. Rossmoore and Morris, attorneys).
Mr. Howard S. Simonoff argued the cause for respondent General Teamsters Local Union No. 326 (Messrs. Plone, Tomar, Parks and Seliger, attorneys; Mr. Robert F. O'Brien, on the brief).
Mr. George F. Kugler, Jr., Attorney General of New Jersey, filed a statement in lieu of brief on behalf of respondent New Jersey Public Employment Relations Commission.
Mr. Michael M. Rosenbaum argued the cause for respondent Local No. 333, United Marine Division, National Maritime Union, AFL-CIO (Mr. Eugene T. O'Toole, attorney).
The opinion of the court was delivered by HALPERN, J.A.D.
In granting leave to appeal from an order of Judge Wick entered in the Chancery Division, we elected to continue the restraints he imposed and to consider the merits of the appeal in accordance with R. 2:11-2. Briefs were submitted by all parties and fully argued on October 20, 1970.
The narrow issue for determination is whether the New Jersey Public Employment Relations Commission (PERC) has jurisdiction over plaintiff Delaware River & Bay Authority (Authority), a bi-state agency created by compact between the States of New Jersey and Delaware.
The Authority was established by interstate compact in 1962, approved by Congress. In general terms, the Authority was authorized to construct and operate crossings between New Jersey and Delaware over the Delaware River *163 and Bay. A full recital of its creation, purposes, powers and functions is set forth in Delaware River and Bay Authority v. International Org., etc., 45 N.J. 138 (1965), and need not be repeated here. The principle established by that decision is that plaintiff is a public agency whose employees have no right to strike.
The New Jersey Employer-Employee Relations Act (act) was enacted in 1968 (N.J.S.A. 34:13A-1 et seq.). In general terms, the act was designed to permit public employees to organize, join unions and to appoint bargaining representatives to engage in collective negotiations with public employers. PERC was created by § 5-3 of the act and, among other powers, was authorized to conduct secret ballot elections to ascertain duly elected bargaining representatives. A full discussion of the history of the act and its purposes is contained in Lullo v. International Ass'n of Fire Fighters, 55 N.J. 409 (1970), and Burlington County Evergreen Park Mental Hospital v. Cooper, 56 N.J. 579, 586-590 (1970), and will not be repeated here. In the latter case the court held that PERC did not have authority to hear and decide unfair labor practice charges and to issue remedial orders.
All the defendants filed petitions with PERC seeking to be certified as the exclusive bargaining representative for various designated units of the Authority. Jurisdiction was accepted by PERC, which directed that notices of election be posted. Judge Wick enjoined PERC from proceeding with the elections until the issue of PERC's jurisdiction is judicially determined. Similar relief was sought by Local No. 326 in the Delaware courts, but those proceedings have been voluntarily stayed by the parties pending the disposition of this appeal.
In determining PERC's authority and jurisdiction over public employers and employees we are, of necessity, relegated to the statute which created it and the intent of the Legislature as expressed in the act. The act, N.J.S.A. 34:13A-3(c), defines "employer" as including
*164 * * * public employers and shall mean the State of New Jersey, or the several counties and municipalities thereof, or any other political subdivision of the State, or a school district, or any special district, or any authority, commission, or board, or any branch or agency of the public service.
Defendants lay great stress upon the term "any authority" appearing in the statute, and argue it was intended to include plaintiff. We disagree. If such were the legislative intent it would have specifically provided for bi-state authorities. Its failure to do so evidences an intent not to include them because it realized that bi-state agencies are controlled by the compacts entered into, and it could not act unilaterally.
The meaning and intent of a statute must be gathered from its objective, the nature of the subject matter and its contextual setting. We must not be guided by a single sentence or member of a sentence, but we should look to the provisions of the whole law, and to its object and policy, as well as statutes in pari materia. State v. Brown, 22 N.J. 405, 415 (1956); State v. Bander, 56 N.J. 196 (1970); Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).
In using the term "any authority" the Legislature had in mind the myriad authorities created by a municipality, county or state functioning within the State, and over which it has exclusive control. Any other construction would be violative of the interstate compact which gave birth to plaintiff. By the terms of the compact plaintiff became "an agency of government of the State of Delaware and State of New Jersey * * *." N.J.S.A. 32:11E-1, Art. IV. Plaintiff's powers are derived "not from any single government but from the authority conferred by all parent governments * * *." Application of Waterfront Comm'n of New York Harbor, 39 N.J. Super. 33, 42 (Law Div. 1956).
It is also clear that the compact gave plaintiff designated powers which were to be jointly controlled by both states. The relevant portion of Article VIII of the compact provides, *165 "but no additional duties or obligations shall be undertaken by the authority under the law of either State or of Congress without authorization by the law of both States."
If PERC is to have jurisdiction over plaintiff and its employees, such power must be expressly given to it by the Legislatures of New Jersey and Delaware, and not inferred by the courts. In short, were we to hold that PERC had jurisdiction over plaintiff, it would authorize New Jersey to impose its will and policies over Delaware contrary to Delaware's wishes and the terms of the compact. In discussing PERC's jurisdiction and power, we must be careful not to intrude on the legislative function in this vitally important field. Justice Francis pointed to this danger in Burlington County Evergreen Park Mental Hospital v. Cooper, supra: at pp. 598-599.
As we said in Lullo v. International Ass'n of Fire Fighters, supra, 55 N.J. 409, Chapter 303, L. 1968 is novel legislation in New Jersey. For the first time the Legislature entered broadly into the field of labor relations in the public sector. Whether PERC should be invested with authority to hear and decide unfair labor practice charges and to issue various types of affirmative remedial orders respecting them is an important policy question. In our judgment, a policy question of that significance lies in the legislative domain and should be resolved there. A court should not find such authority in an agency unless the statute under consideration confers it expressly or by unavoidable implication. In this case, obviously the statute does not expressly confer the power sought to be exercised by PERC. And, in our judgment, the statutory language does not justify a judicial determination that power of such magnitude resides there by implication. [at pp. 598-599]
Bi-state agencies exist by virtue of compacts between the states involved, entered into by their respective legislatures with the approval of Congress. When formed, they become a single agency of government of both states. Their primary purpose is to cooperate in advancing the mutual interests of the citizens of both states by joint action to overcome common problems. We fail to see how *166 either state could enact laws involving and regulating the bi-state agency unless both states agree thereto. To sanction such practice would lead to discord and a destruction of the purposes for which such bi-state agencies are formed. As previously indicated, the New Jersey Employer-Employee Relations Act, of which PERC is an integral part, was enacted to enable public employees to organize and to engage in collective negotiations with their public employers. However, New Jersey's policy in this regard cannot be foisted upon Delaware and its citizens who are employed by plaintiff. As we see it, to accomplish the result argued for by defendants, the States of New Jersey and Delaware must first amend the compact and agree upon the issue whether plaintiff's employees may organize and engage in collective negotiations, what procedure should be utilized to implement this result, and where and how it should be accomplished. Unless such is done, Delaware and New Jersey could each claim jurisdiction since both states have legislation permitting public employees to organize and negotiate. The confusion and conflicts which would follow if one state assumed jurisdiction, makes it clear that such was never intended by the compact.
We note, without speculating as to the reasons therefor, that Assembly Bill 1058, which is presently up for second reading, has been introduced to exclude bi-state agencies from the definition of employer under N.J.S.A. 34:13A-3(c). Obviously, if the bill is enacted this suit would become moot.
To summarize our conclusions, we hold that plaintiff is not a public employer within the definition of N.J.S.A. 34:13A-3(c), and need not recognize and collectively negotiate with the exclusive bargaining representative selected through PERC. Since PERC has no jurisdiction over plaintiff its order to hold elections is reversed. No costs.