HOWARD E. PACHMAN, ESQ. County Attorney, Suffolk County
This is in response to your letter requesting an opinion as to whether § 324(1) (e) of the Public Health Law, which provides that "every health officer shall * * * enforce * * * the State Sanitary Code", empowers the Suffolk County Department of Health Services to enforce the State Sanitary Code as against the Long Island Railroad, a facility of the Metropolitan Transportation Authority, notwithstanding § 1266(8) of the Public Authorities Law.
Section 1266(8) of the Public Authorities Law, regarding the Metropolitan Transportation Authority, provides (in pertinent part):
 "Except as hereinafter specially provided, no municipality or political subdivision, including but not limited to a county * * * shall have jurisdiction over any facilities of the authority or any of its activities or operations."
It is my opinion that Public Authorities Law, § 1266(8), by expressly exempting the Metropolitan Transportation Authority from the jurisdiction of municipalities or political subdivisions, defeats the enforcement of the State Sanitary Code as against the Authority by local health officials acting pursuant to Public Health Law, § 324(1) (e).
However, there being no such statutory exemption pertaining to enforcement by the State Commissioner of Health, the latter may enforce the State Sanitary Code against the Metropolitan Transportation Authority pursuant to Public Health Law, § 206(1) (f), which provides that "The commissioner shall * * * enforce the public health law and the sanitary code."
In arriving at such conclusion, I have taken into consideration the rule that general laws are inapplicable to the State or its agencies. However, public benefit corporations which perform governmental functions are not identical with the State, enjoy a separate and independent existence Smith v. Levitt, 37 A.D.2d 418 [3rd Dept., 1971], affd.30 N.Y.2d 934 [1972]; Mtr. of Plumbing Association v. Thruway Authority,5 N.Y.2d 420 [1959]) and possess the attributes of the State only to the extent which the enabling legislation from which the corporation draws its life requires. Mtr. of Dormitory Authority (Span Electric),18 N.Y.2d 114 (1966).
Since there is nothing in the language of the statute indicating that the Metropolitan Transportation Authority is to be treated as a State agency (other than for purposes of Public Officers Law, §§ 73, 74), whether the Metropolitan Transportation Authority is a State agency for purposes of enforcement of the State Sanitary Code involves a consideration of the Metropolitan Transportation Authority's purpose and the purpose behind the statute sought to be applied to it (People v. Breslow, 39 Misc.2d 576
[Sup. Ct., N.Y. Co., 1963]). Since the enforcement of the State Sanitary Code does not conflict with the primary purpose of the authority to continue, develop and improve commuter transportation (Public Authorities Law, § 1264[1]), the Legislature cannot be said to have intended that the Metropolitan Transportation Authority be clothed with the attributes of a State agency for the former purposes. This conclusion conforms with the maxim of statutory construction that statutes promoting the public good are to be construed in such a manner as to attain the end in view. McKinney's Statutes, § 341.