ANGELA M. BELL, PLAINTIFF-APPELLANT, v. JOHN R. BELL, DEFENDANT, AND PORT AUTHORITY TRANSIT CORPORATION, A CORPORATE SUBSIDIARY OF DELAWARE RIVER PORT AUTHORITY, JOHN DOE(S), A FICTITIOUS NAME(S), AS EMPLOYEES OF PATCO, DELAWARE RIVER PORT AUTHORITY (DRPA), A BI-STATE AGENCY, RICHARD DOE(S), A FICTITIOUS NAME(S), AS EMPLOYEES OF DRPA AND PATCO, MR. DONALD WOLFE, WILLIAM FLOOD, FRANK PETERS, MR. FIORI, MR. KOLM, MR. WICKES, MR. COLLINS, MR. JOHNSTONE, MR. L. E. JOHNSON, AS EMPLOYEES OF PATCO AND/OR DRPA, DEFENDANTS-RESPONDENTS, AND CONRAIL, A SUCCESSOR IN INTEREST TO PENNSYLVANIA READING SEASHORE LINES, PENNSYLVANIA READING SEASHORE LINES, BLACKACRE AGENCY, A FICTITIOUS NAME, AS A GOVERNMENTAL AND/OR PUBLIC AGENCY AND/OR AUTHORITY AND/OR BODY AND/OR CORPORATION AND/OR ENTITY, SAMUEL ROE(S), A FICTITIOUS NAME, AS AN EMPLOYEE OF BLACKACRE AGENCY, DEFENDANTS.

Argued March 17, 1980—Decided July 9, 1980.

*J. Robert McGroarty* argued the cause for appellant.

*James A. Mullen, Jr.* argued the cause for respondents (*Montano, Summers, Mullen & Manuel*, attorneys).

*Jerry Fischer*, Deputy Attorney General, submitted a brief on behalf of *amicus curiae* Attorney General of New Jersey (*John J. Degnan*, Attorney General of New Jersey, attorney; *Stephen Skillman*, Assistant Attorney General, of counsel).

The opinion of the Court was delivered by

SULLIVAN, J.

This personal injury suit was brought by plaintiff Angela M. Bell against her husband John R. Bell, the Delaware River Port Authority (DRPA) and its subsidiary the Port Authority Transit Corp. (PATCO).[1] The appeal herein, on leave granted to plaintiff, involves the issue whether DRPA (including its subsidiary) is a "Public entity"[2] within the meaning and scope of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 *et seq.* (the act), so that a tort claim against them must satisfy the following notice and filing requirements of the act:

59:8–8. Time for presentation of claims

A claim relating to a cause of action for death or for injury to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant may file suit in an

---

[1]There are numerous additional parties-defendant. However, only DRPA and PATCO are involved in this appeal.

[2]The act defines "Public entity" as follows:

"Public entity" includes the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State. *N.J.S.A.* 59:1–3.

appropriate court of law. The claimant shall be forever barred from recovering against a public entity if:

    a.  He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8–9; or

    b.  Two years have elapsed since the accrual of the claim; or

    c.  The claimant or his authorized representative entered into a settlement agreement with respect to the claim.

Nothing in this section shall prohibit an infant or incompetent person from commencing an action under this act within the time limitations contained herein, after his coming to or being of full age or sane mind.

L.1972, c. 45, § 59:8–8.

59:8–9.  Notice of late claim

A claimant who fails to file notice of his claim within 90 days as provided in section 59:8–8 of this act, may, in the discretion of a judge of the superior court, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion based upon affidavits showing sufficient reasons for his failure to file notice of claim within the period of time prescribed by section 59:8–8 of this act; provided that in no event may any suit against a public entity arising under this act be filed later than 2 years from the time of the accrual of the claim.

L.1972, c. 45, § 59:8–9.

The facts relevant to consideration of this appeal are as follows: defendant DRPA is a bi-state agency created under a compact between the State of New Jersey and the Commonwealth of Pennsylvania and approved by the Congress of the United States. See *N.J.S.A.* 32:3–1 *et seq.*; 36 *Pa.Cons.Stat. Ann.* §§ 3503–3505 (Purdon); 47 *Stat.* 308.[3] Among the powers conferred on the agency is the power "to sue and be sued." *N.J.S.A.* 32:3–5(b). Defendant PATCO is a wholly owned subsidiary of the bi-state agency created pursuant to legislative authorization. *N.J.S.A.* 32:3–13.42(7)(b).

On April 14, 1973, plaintiff was a passenger in an automobile being driven by her husband. She was seriously injured when the vehicle ran into an allegedly unmarked girder supporting a railroad bridge over a street in Camden, N. J. The bridge is

---

[3]As noted in the legislative enactments, the original title of the bi-state agency created in 1931 was the Delaware River Joint Commission. In 1951 the name was changed to Delaware River Port Authority. *N.J.S.A.* 32:3–2; 36 *Pa.Cons.Stat. Ann.* § 3503; 66 *Stat.* 738.

used jointly by Conrail and PATCO, who share responsibility for its maintenance.

Mrs. Bell retained an attorney in August 1973 to represent her in connection with the accident. However, it was not until November, 1974, when he examined photographs of the scene of the accident, that her attorney "concluded" that "relevant governmental bodies" might be liable to Mrs. Bell by reason of negligence in the maintenance of the bridge.

In January, 1975, plaintiff filed an application for leave to file a late notice of claim against the County of Camden, City of Camden, DRPA and PATCO under the New Jersey Tort Claims Act. The motion was denied, the trial judge ruling that the act did not permit a late filing beyond one year after the accrual of the cause of action. *N.J.S.A.* 59:8-9. The Appellate Division affirmed this ruling. *Bell v. County of Camden*, 147 *N.J.Super.* 139 (1977). Plaintiff did not seek further review of this decision and has not attempted to challenge it in this appeal. *Cf. S. E. W. Friel Company v. N. J. Turnpike Authority*, 73 *N.J.* 107, 120–122 (1977).

Mrs. Bell began the present suit by filing a complaint in Superior Court, Law Division.[4] DRPA and PATCO filed an answer which asserted, among other things, that the Tort Claims Act applied and that plaintiff had failed to comply with its notice provisions. *N.J.S.A.* 59:8-8(a). Thereafter these defendants moved to dismiss plaintiff's complaint against them. The trial judge granted the motion relying on *Yancoskie v. Delaware River Port Authority*, 155 *N.J.Super.* 1 (App.Div.1978), which held that DRPA was a "public entity" within the meaning of the Tort Claims Act, that a person asserting a tort claim against DRPA was required to file a notice of claim as required by the Act and that the period of time for filing a late notice could not be enlarged beyond the one-year statutory limitation. *Id.* at 4–5; *N.J.S.A.* 59:8-8 and 59:8-9. However, since certification had been granted in *Yancoskie*, 75 *N.J.* 609 (1978), the

---

[4]The filing date of this complaint does not appear in the record.

order of dismissal recited that it was without prejudice to Mrs. Bell's right to move to reinstate the complaint against DRPA and PATCO in the event the Supreme Court reversed *Yancoskie.*

Eventually this Court affirmed the dismissal of the suit in *Yancoskie* on the grounds of comity since the accident in that case had happened in Pennsylvania and the plaintiff therein had a prior action for the same tort pending in the Pennsylvania courts. 78 *N.J.* 321 (1978). We stated, however, that our affirmance was not to be construed as an approval of the Appellate Division holding that DRPA was a "public entity" as defined in the New Jersey Tort Claims Act. *Id.* at 324.

Following our opinion in *Yancoskie,* plaintiff sought to reinstate her complaint against DRPA and PATCO but the motion was denied, the trial judge ruling that he was still bound by the Appellate Division holding in *Yancoskie.* Plaintiff sought leave to appeal this ruling but the Appellate Division denied her motion. We granted leave to appeal. 81 *N.J.* 358 (1979). There is now squarely presented the issue reserved by us in *Yancoskie,* namely, whether DRPA (including its wholly owned subsidiary) is a "Public entity" within the meaning of the New Jersey Tort Claims Act so that an action in tort filed against these agencies in the New Jersey courts must satisfy the notice requirements of the act. Plaintiff's argument is that the act is not applicable to DRPA, a bi-state agency, or its wholly owned subsidiary, and that the action can be maintained under the "sue and be sued" provisions of the DRPA act, subject only to the two-year general statute of limitations. *N.J.S.A.* 2A:14–2.

Defendants DRPA and PATCO, supported by the *amicus* brief of the Attorney General of New Jersey, argue that the New Jersey Tort Claims Act controls and that plaintiff's suit against these agencies is barred by her failure to comply with the notice requirements of the act. We disagree and conclude that the act does not apply to tort claims against defendant bi-state agencies.

As noted above, the DRPA was created by a compact entered into between the State of New Jersey and the Common-

wealth of Pennsylvania with the approval of the Congress of the United States. Among the powers granted the agency was the power "to sue and be sued." It is clear that this grant is a waiver of sovereign immunity. In *Interstate Wreck. Co. v. Palisades Interstate Pk. Comm.*, 57 *N.J.* 342 (1971), this Court dealt with an identical provision in an interstate compact between the States of New Jersey and New York, under which the Palisades Interstate Park Commission came into existence in 1937. There we held that when the New Jersey Legislature approved the sue and be sued clause, it meant to waive sovereign immunity and to authorize suits against the agency generally. *Id.* at 346. We also noted that since the subject matter under consideration was an interstate compact approved by Congress, its interpretation is a matter of federal rather than state law. Citing a line of United States Supreme Court decisions, we added that under federal law the sue and be sued clause was likely to receive a broad rather than a narrow construction. *Id.* at 348–350. Applying the same reasoning here, we conclude that the sue and be sued provision in the DRPA compact must be construed as a waiver of sovereign immunity.

Aside from the legislative waiver of sovereign immunity as to certain State agencies, see *e. g., N.J.S.A.* 27:12B–5 (New Jersey Highway Authority), this Court in *Willis, et al. v. Dept. of Cons. & Ec. Dev.*, 55 *N.J.* 534 (1970), abrogated common law sovereign immunity in this State as to tort claims. At the same time we invited the Legislature to fix the dimensions of State tort liability. 55 *N.J.* at 541. The legislative response was the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 *et seq.*, enacted in 1972. The basic approach of the act is to reestablish sovereign immunity against tort claims except where there is a statutory declaration of liability. See *Malloy v. State*, 76 *N.J.* 515, 518–519 (1978).

While DRPA, arguably, could come within the definition of a "Public entity" as set forth in the Tort Claims Act, *supra*, it is clear that the act itself cannot apply to DRPA. It is a bi-state

agency that derives its powers, including the power to sue and be sued—which we hold to be a waiver of sovereign immunity—from joint legislative action approved by the Congress of the United States. The New Jersey Legislature does not have the power to modify by unilateral action the waiver of sovereign immunity set forth in the bi-state compact; yet that would be the result were the Tort Claims Act held to apply to DRPA. As noted, the act reestablishes sovereign immunity in tort matters except where there is a statutory declaration of liability. It imposes stringent notice of claim requirements. The act's restrictive approach demonstrates its inapplicability to tort claims against DRPA.

A similar situation arose in *Del. Riv. & Bay Auth. v. N. J. Pub. Emp. Rel. Com.*, 112 *N.J.Super.* 160 (App.Div.1970), aff'd o. b., 58 *N.J.* 388 (1971). Subsequent to the creation of plaintiff authority, a bi-state agency of the States of New Jersey and Delaware, New Jersey enacted its Employer-Employee Relations Act. *N.J.S.A.* 34:13A–1 *et seq.* Pursuant to that act, a number of unions filed petitions with the Public Employment Relations Commission (PERC) seeking to be certified as the exclusive bargaining representative for various employee units of the Authority. PERC accepted jurisdiction and directed that notices of election be posted. In a suit by the Authority challenging PERC's jurisdiction, it was held that New Jersey could not unilaterally vest PERC with jurisdiction over plaintiff bi-state agency and its employees. To do so would have been in violation of the compact which made no provision for such jurisdiction. The court said:

> Bi-state agencies exist by virtue of compacts between the states involved, entered into by their respective legislatures with the approval of Congress. When formed, they become a single agency of government of both states. Their primary purpose is to cooperate in advancing the mutual interests of the citizens of both states by joint action to overcome common problems. We fail to see how either state could enact laws involving and regulating the bi-state agency unless both states agree thereto. To sanction such practice would lead to discord and a destruction of the purposes for which such bi-state agencies are formed. [112 *N.J.Super.* at 165–166]

Consequently, the act was held to be inapplicable to plaintiff Authority.

The same rationale applies here but with greater force because to hold that DRPA is subject to the New Jersey Tort Claims Act would result in the imposition of substantial limitations on the right to bring a tort claim against the agency—a right that exists by virtue of the bi-state compact.

The Attorney General makes the further argument that even if the substantive provisions of the Tort Claims Act are not applicable to DRPA, New Jersey would have the authority to impose the notice and limitations provisions of the act on tort claims against the agency.

■ The argument lacks merit. The act is a comprehensive legislative enactment governing the immunity and liability of the State and public entities in the State. Our conclusion is that DRPA is not a "Public entity" within the meaning and scope of the act so that none of its provisions apply to DRPA and plaintiff's action is maintainable under the "sue and be sued" provision of the compact subject only to New Jersey's two year general statute of limitations. *N.J.S.A.* 2A:14–2.

Reversed.

*For reversal*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For affirmance*—None.