199 N.J. Super. 511 (1985)
489 A.2d 1240
GLENN MYERS, PLAINTIFF-APPELLANT,
v.
MEDFORD LAKES BOARD OF EDUCATION AND LENAPE REGIONAL HIGH SCHOOL DISTRICT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 21, 1985.
Decided March 21, 1985.
*513 Before Judges MATTHEWS, FURMAN and HAVEY.
*514 Morris and Brock, attorneys for appellant (Herbert O. Brock, Jr., on the brief).
Rand and Algeier, attorneys for respondents (Robert M. Tosti, of counsel; John F. McDonnell, on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
Plaintiff appeals from summary judgment dismissing his complaint, R. 4:6-2(e). Against both defendants he alleged educational malpractice in failing to provide him with a special remedial education to assist him to overcome his academic deficiencies. On defendants' motion for dismissal, the allegations of the complaint were accepted as true, including the claim of damages proximately resulting from the alleged educational malpractice, see Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
Although the complaint sounds in tort against two public entities, plaintiff did not follow the notice procedure set down in the Tort Claims Act, N.J.S.A. 59:1-1 et seq., or plead the act; defendant did not plead immunity under the act; the trial judge did not apply the act sua sponte; and neither party has briefed the act on appeal before us. The trial judge rested his dismissal of the complaint on the conclusion that, as educational malpractice is not a recognized cause of action, he should not innovate by sanctioning it without the imprimatur of a higher court.
Educational malpractice has not been approved as a theory of recovery in this state or elsewhere. See Hunter v. Board of Ed. of Montgomery County, 292 Md. 481, 439 A.2d 582 (Ct. App. 1982); D.S.W. v. Fairbanks No. Star Bor. Sch. Dist., 628 P.2d 554 (Alaska Sup.Ct. 1981); Hoffman v. Board of Ed. of City of N.Y., 49 N.Y.2d 121, 400 N.E.2d 317, 424 N.Y.S.2d 376 *515 (Ct.App. 1979); Peter W. v. San Francisco Unified School District, 60 Cal. App.3d 814, 131 Cal. Rptr. 854 (Ct.App. 1976).
We affirm but for reasons other than those stated by the trial judge. Whether a cause of action lies for educational malpractice against defendant public entities must be determined pursuant to the Tort Claims Act. The act limits and circumscribes governmental tort liability; apart from the act no tort cause of action lies against a public entity of this state, N.J.S.A. 59:1-2, 59:2-1; Bell v. Bell, 83 N.J. 417, 423 (1980); Kolitch v. Lindedahl, 193 N.J. Super. 540, 546 (App.Div. 1984).
The appellate issue before us is not that of waiver of an affirmative defense. Governmental tort immunity is the rule, except as liability is expressly provided for in the Tort Claims Act and is not, in turn, subject to a specific immunity under the act.[1] No express provision of the act imposes liability against defendants in accordance with the allegations of the complaint. Although liability under the act was neither pleaded nor argued, we hold that defendants' failure to provide plaintiff with a special remedial education was not actionable because it fits within no specific liability provision of the Tort Claims Act.
Apart from clearly irrelevant provisions, e.g., liability for maintenance of property in a dangerous condition, the Tort Claims Act defines governmental tort liability as follows in N.J.S.A. 59:2-2a:
A public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances.
Educational malpractice, like other professional or occupational malpractice, would arise, if recognized as a cause of action, out of negligence principles, with liability restricted to *516 breach of the standard of care and responsibility prevailing at the time among professional educators. Under N.J.S.A. 59:2-2a any liability of a public entity for educational malpractice would be vicarious under respondeat superior and not direct.
Plaintiff joined no individual defendant and charged no individual or individuals with educational malpractice. He failed to allege respondeat superior as a theory of recovery against defendants. He charged breach of care and responsibility directly against defendants in their respective capacities as a board of education and a high school district. Without alleging respondeat superior liability, plaintiff failed to state a cause of action under N.J.S.A. 59:2-2a.
Because of the significance of the issue before us, we point out that immunity under N.J.S.A. 59:2-3a would have been a bar, in our view, even if a cause of action under N.J.S.A. 59:2-2a had been pleaded. N.J.S.A. 59:2-3a grants immunity from governmental liability for exercises of judgment or discretion, such as the evaluation of a course of education for plaintiff. Outside this state respondeat superior has been held inapplicable to malpractice claims for breach of professional standards by professional employees in public employment, Hale v. Sheikholeslam, 724 F.2d 1205 (5 Cir.1984); Miller v. Hood, 536 S.W.2d 278 (Tex.Civ.App. 1976); Burns v. American Cas. Co., 127 Cal. App.2d 198, 273 P.2d 605 (Dist.Ct.App. 1954).
Finally, even if plaintiff's cause of action fitted within a specific liability provision of the Tort Claims Act, which we hold that it did not, his complaint would have been subject to dismissal for failure to comply with the notice of claim requirements of the act, N.J.S.A. 59:8-3; Yancoskie v. Delaware River Port Authority, 155 N.J. Super. 1, 5 (App.Div. 1977), aff'd on other grounds 78 N.J. 321 (1978).
We affirm summary judgment in favor of defendants.
NOTES
[1] Cf. Rivera v. Gerner, 89 N.J. 526, 535-536 (1982), holding that a specific immunity under the act is not waived as a bar to liability under the act by failure to plead it.