232 N.J. Super. 401 (1989)
557 A.2d 337
THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DEBRA INGRAM AND THE AMERICAN ARBITRATION ASSOCIATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 6, 1989.
Decided April 27, 1989.
*402 Before Judges DEIGHAN and D'ANNUNZIO.
Alfred G. Osterweil, attorney for appellant.
Hugh H. Welsh, attorney for respondent (Michael E. Jankoski, argued and on the brief).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
Defendant, Debra Ingram (Ingram), appeals a judgment permanently enjoining her and the American Arbitration Association (AAA) from arbitrating Ingram's uninsured motorist claim against the plaintiff, The Port Authority of New York and New Jersey (Authority), arising out of an April 27, 1986 incident. On that date, Ingram was a passenger in a van owned and operated by the Authority. Ingram alleged that she was injured *403 when an unidentified vehicle, which immediately left the scene, cut-off or struck the van. The incident occurred in New Jersey.
Owners of motor vehicles registered or principally garaged in New Jersey must maintain motor vehicle liability insurance coverage. N.J.S.A. 39:6B-1. The coverage must include uninsured motorist coverage (UM), N.J.S.A. 39:6A-14, as defined in N.J.S.A. 17:28-1.1. The Authority is self-insured. N.J.S.A. 39:6-52. Nevertheless, "all New Jersey motor vehicles, covered by commercial insurance or self-insured, must be insured against injury or damage caused by uninsured motorists." Transport of New Jersey v. Watler, 161 N.J. Super. 453, 457 (App.Div. 1978), aff'd as modified, 79 N.J. 400 (1979); accord Christy v. City of Newark, 102 N.J. 598, 607-608 (1986); Mortimer v. Peterkin, 170 N.J. Super. 598, 599-600 (App.Div. 1979). Thus, Ingram asserted her UM claim directly against the Authority by filing a demand for arbitration with the AAA. Ingram's arbitration demand was filed February 17, 1988, almost two years after the motor vehicle incident.
The Authority commenced this action to enjoin arbitration of the claim on the ground that the one-year statute of limitation applicable to claims against the Authority barred the claim. On a motion for summary judgment, the trial court agreed with the Authority. We now affirm.
N.J.S.A. 32:1-163 provides:
The foregoing consent [to be sued; see N.J.S.A. 32:1-157] is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefore shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the Port Authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced. The provisions of this section shall not apply to claims arising out of provisions of any workmen's compensation law of either State [footnote omitted].[1]
*404 The Authority is a bi-state agency created by a compact between New Jersey and New York with Congress' approval. In 1951, by joint legislative action of New Jersey and New York, the Authority's sovereign immunity to suit was waived. N.J.S.A. 32:1-157; N.Y.Unconsol.Laws, § 6688 et seq. Harris v. Lord Electric Co., 281 App.Div. 693, 117 N.Y.S.2d 593 (App.Div. 1953); Marmor v. Port of New York Authority, 203 Misc. 568, 116 N.Y.S.2d 177 (Sup.Ct. 1952). This waiver of sovereign immunity is not affected by any statute of general application moderating the common law rule of sovereign immunity such as the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. See Bell v. Bell, 83 N.J. 417 (1980) (Delaware River Port Authority not a public entity within New Jersey Tort Claims Act). Consequently, in the absence of the 1951 waiver the Authority would continue to enjoy the protection of sovereign immunity. The joint-legislative waiver of that protection was clearly and unambiguously conditioned on the requirement that suits against the Authority be commenced within one year of the accrual of the cause of action. Cf. Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108 (1894) (waiver of sovereign immunity must be strictly construed). Accord Rao v. Port of N.Y. Authority, 122 F. Supp. 595 (E.D.N.Y. 1954), aff'd, 222 F.2d 362 (2d Cir.1958).
The one exception in the limitation statute applicable to workers' compensation claims supports the Authority's argument that there are no other implied exceptions to the one-year limitation period. "The sweeping coverage of [the limitation statute] simply makes impossible any exclusion therefrom of any particular kind of suits except those specifically excluded...." Trippe v. Port of New York Authority, 14 N.Y.2d 119, 124-25, 249 N.Y.S.2d 409, 412, 198 N.E.2d 585, 587 (1964).
No New Jersey statute creates a limitation period specifically applicable to UM claims. Consequently, Ingram relies on the six-year limitation period in N.J.S.A. 2A:14-1 generally applicable to all contract claims. See Walkowitz v. Royal Globe Ins. Co., 149 N.J. Super. 442, 448 (App.Div. 1977), pet. for certif. *405 dismissed, 75 N.J. 584 (1977), and cases cited therein. Whether Ingram's claim in this case is characterized as contractual or one for personal injury governed by the two-year limitation in N.J.S.A. 2A:14-2, Ingram advances no satisfactory or persuasive reason to abandon the Authority's specific one-year blanket limitation statute. Moreover, even if provided with a cogent reason to create an exception to N.J.S.A. 32:1-163 we could not do so. "The New Jersey Legislature does not have the power to modify by unilateral action the waiver of sovereign immunity set forth in the bi-state compact...." Bell v. Bell, supra 83 N.J. at 424. "We fail to see how either state could enact laws involving and regulating the bi-state agency unless both states agree thereto. To sanction such practice would lead to discord and a destruction of the purposes for which such bi-state agencies are formed." Del. Riv. & Bay Auth. v. N.J. Pub. Emp. Rel. Com., 112 N.J. Super. 160, 165-166 (App.Div. 1970), aff'd o.b., 58 N.J. 388 (1971), quoted in Bell, supra 83 N.J. at 424.
Affirmed.[2]
NOTES
[1] New York's equivalent statute is N.Y.Unconsol.Laws § 7107
[2] Applicability of the one-year limitation statute is the only issue in this case. The Authority has not contended that it is exempt from the obligation to provide UM coverage. Cf. Ross v. Transport of New Jersey, 114 N.J. 132 (1989) (political subdivisions of New Jersey are exempt under N.J.S.A. 39:6-54 from the obligation to provide UM coverage).