OPINION OF THE COURT
Renee R. Roth, S.
Incident to the probate proceeding in the estate of Audrey Pringle, a United States citizen whose domicile is in dispute, the court is requested to certify a copy of her will and allow the original to be returned to the United Kingdom.
Ms. Pringle died on February 3,1991 leaving a will with her law firm in England and assets in this county valued at over $9,000,000. Decedent’s nephew, the sole beneficiary under her will, seeks to propound such will pursuant to SCPA 1605.
*763 Under English law, however, the law firm may not surrender possession of the original instrument until the issue of testatrix’ domicile is settled.
Furthermore, until the English revenue authorities determine the amount of estate tax, the will cannot be probated in England nor is it possible for a court there to issue a certified copy of the instrument.
SCPA 1404 (2) governs those instances where an original will cannot be removed from another jurisdiction. It provides that: "Where the will offered for probate is brought to the surrogate’s court by a representative of a public office of another jurisdiction, the court may take proof of the will and permit the representative to return the will to such other jurisdiction.”
The law firm has offered to send the will to New York with an attorney so that this court may certify a copy, on condition that such instrument is returned to counsel on the same day.
The question is whether this proposal complies with the statutory requirements quoted above.
It is clear that subdivision (2) of SCPA 1404 was enacted to provide a procedure for the "filing” of a will where the original can be brought to this jurisdiction only temporarily. At the same time certain safeguards were included to prevent any tampering with such original instrument while it is on route.
It would appear that the purely mechanical aspects of the statute may be interpreted more liberally where the primary purpose of the statute is served (McKinney’s Cons Laws of NY, Book 1, Statutes § 96). Also, in defining the term "public office”, the court must consider the particular facts at issue and the subject matter of the statute and its purpose (People v Breslow, 39 Misc 2d 576). Since attorneys are officers of the court who take an oath of office (Matter of Co-Operative Law Co., 198 NY 479; Jacobs v Jacobs, 163 Misc 98), the court concludes that the proposed procedure satisfies the statutory purpose discussed above. By such construction, the basic intent of the statute is upheld and the security of the instrument is protected.
Based upon the foregoing, an order has been signed granting the relief requested.